UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PARKS EDGE AT MCKINNIE COMMONS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 1:25-CV-403-HAB |
| ROBERT MAULDIN, et al., | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Defendant Robert Mauldin ("Mauldin"), proceeding pro se, filed a Notice of Removal seeking to remove this action to this Court from Allen County Superior Court alleging that federal question jurisdiction exists under 28 U.S.C. § 1331. (ECF No. 1 at 1). He simultaneously moved for leave to proceed in forma pauperis (ECF No. 2) and, more recently, moved to stay the state court proceedings (ECF No. 3). Before addressing these other matters, however, this Court must first assure itself that it has jurisdiction to adjudicate the dispute.

Pursuant to Fed. R. Civ. P.12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3), and the Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). A civil case brought in state court may be removed only if the federal court would have subject matter jurisdiction over the case if it had been originally filed in federal court. 28 U.S.C. §1441(a). The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for subject matter jurisdiction are met. *See Smart v. Loc. 72 Int'l Broth. of Elec.*

*Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Mauldin claims this Court has federal question jurisdiction under 28 U.S.C. § 1331 and so he bears the burden of demonstrating it exists.[1]

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Plaintiff's case is for eviction and Plaintiff's Notice of Claim does not state a claim under any federal law.[2] Rather, Plaintiff's claim derives exclusively from Indiana state law. Although Mauldin may claim that Plaintiff's action violates federal law in some manner that is indiscernible from his Notice of Removal, it is Plaintiff's Complaint that matters here—not his anticipated defenses. There simply is no federal question presented.

For these reasons, the Court REMANDS the case, original cause no. 02D02-2506-EV-002032 to Allen County Superior Court.

SO ORDERED on July 25, 2025.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Mauldin does not claim in his Notice of Removal (ECF No. 1) that diversity jurisdiction under 28 U.S.C. § 1332 exists, but any effort to do so would be futile. *See* 28 U.S.C. § 1441(b)(2) ("[A] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Mauldin represents that he is a citizen of Indiana, so the "home defendant rule" would bar removal. Moreover, it appears Plaintiff is also a citizen of Indiana, so there is not complete diversity under 28 U.S.C. § 1332.

[2] The Court takes judicial notice of the records from the Allen County Superior Court Case No. 02D02-2506-EV-002032. *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (the Court can take "judicial notice of matters of public record, including court filings and documents from the ongoing state court proceedings incorporated into the federal complaint.") (citation omitted)